IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>FRANCISCO M. GONZALEZ RIVERA<br>JOMARIE M. FERIA DIAZ<br><br>DEBTORS | CASE NO. 10-10809 (BKT) (CONS.)<br><br>CHAPTER 13 |
| FIRSTBANK PUERTO RICO<br><br>MOVANT | |

*OBJECTION TO CONFIRMATION OF PLAN*

TO THE HONORABLE COURT:

COMES NOW, Movant **FIRSTBANK PUERTO RICO**, through its undersigned attorney and very respectfully states and prays:

**I.  Introduction**

1. The jurisdiction of the Honorable Court is ascertained under Title 28 USC §1334 and the following sections of the Bankruptcy Code: 361, 1325, and 1326.

2. On **November 17, 2010**, Debtors filed the instant petition for relief under Chapter 13 of the Bankruptcy Code. *See, Docket 1.*

3. Movant's standing is ascertained as it filed on a secured lien claim for the amount of $11,591.50, by virtue of being the holder in due course of a duly registered conditional sales contract regarding a 2008 Mitsubishi Lancer, Acct. No. xxxx0568. *See, Claim No. 2 of Case No. 10-10810 (ESL).*

4. On the Chapter 13 Plan dated January 4, 2011, Debtor provided for the payment "In Full" for Movant's claim along with the payment to the Chapter 13 Trustee of $475.00 x 60 months, for a total base of $28,500.00. **The proposed plan also provided pre-confirmation adequate protection to FirstBank Puerto Rico in the amount of $75.00.** *See, Docket 20.*

5. Movant's contention is that the amount of $75.00 provided as pre-confirmation adequate protection is not sufficient to compensate the depreciation in movant's collateral for the period prior to the confirmation of this case.

**II.   Applicable Law**

*a. Adequate Protection*

6.   The Bankruptcy Code's criteria for treatment of secured claims are set forth in section 1325(a)(5), which was extensively amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, (BAPCPA 2005). For that confirmation standard to be met, with respect to each allowed secured claim provided for by the plan, (1) the holder of such claim must accept the plan, (2) the plan must provide that the holder of such claim retain the lien securing the claim and the value, as of the effective date of the plan, of any property to be distributed under the plan on account of the claim is not less than the amount of the claim, with the property distributed in equal monthly payments at least sufficient to provide adequate protection to the holder of such claim, *or* (3) the debtor surrenders to the holder of any such claim the property securing the claim. *See 8 Collier on Bankruptcy, Ch. 1325 (Matthew Bender 15th ed. rev.).*

7.   The concept of adequate protection finds its basis in the Fifth Amendment's protection of property interest. *H.R. REP. NO. 95-595, 338-340 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5963,* (cited in *In re Cook, 371 B.R. 695).* Adequate protection is also grounded in the belief that secured creditors should not be deprived of the benefit of their bargain. *Id.* The Bankruptcy Code does not define adequate protection, but it does provide a non-exclusive list of examples in Section 361.

8.   Section 361 provides three nonexclusive methods of providing adequate protection of an entity's interests in property, as may be required by other sections of the Code. Adequate Protection may be in (1) the form of cash payments, (2) replacement liens or (3) methods that results in the realization of the indubitable equivalent of an entity's interest in the property. 11 USC 361.

*b. Pre-Confirmation Adequate Protection*

9.   BAPCPA requires a Chapter 13 debtor to commence payments under a plan within 30 days of the filing of the petition, but allows the debtor to reduce the payments to the trustee by the amounts that the debtor pays directly to lessors of personal property or purchase money secured creditors. New Section 1326 (a)(1) provides:

> (a)(1) Unless the court orders otherwise, the debtor shall commence making payments no later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount-

>   (A) ....
>   (B) ....
>   (C) that provides adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for such portion that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment.

10. Regarding the Pre-Confirmation Adequate Protection, the Court in *In re Brown,* 348 B.R. 583 (2006), stated the following:

> BAPCPA was passed with the intent of preventing certain perceived abuses of the bankruptcy laws. One such abuse arose in some Chapter 13 cases where a debtor might retain and use the vehicle subject to a security interest for several months, until the case came before the court for confirmation. Under pre-BAPCPA, if the plan was not confirmed and the case was dismissed, all the payments made to the trustee with the exception of certain administrative expenses would be returned to the debtor. The secured creditor would not receive any of the payments and would be harmed by the amount of the uncompensated depreciation of the creditor's collateral. The BAPCPA amendments to §1326(a) which require pre-confirmation adequate protection payments for certain secured creditors stop that abuse. Now, under BAPCPA, for certain secured creditors, the debtor must provide adequate protection for the period between the filing and confirmation and if a plan is not confirmed and the case is dismissed, the creditor receives and keeps the adequate protection payments.

11. The payments required by new Section 1326(a)(1) are not conditioned that the lessor or creditor will first make a request or file a motion. It is clear that unless the court order otherwise, the payments under §1326(a)(1) must commence directly to the lessor or creditor within 30 days of the petition. *See, Lundin, Keith M. Chapter 13 Bankruptcy, 3rd Edition §426.1 (2000 & Supp.2007-1).*

12. Also, Section 1326(a)(4), added in 2005, provides that not later than 60 days of the filing of the case, a debtor who retains possession of personal property subject to a lease or securing a claim attributable in whole or in part to the purchase price of the property must provide lessor or secured creditor reasonable evidence of maintenance of

any required insurance coverage on the property and continue to do so for as long as the debtor retains possession of the property.

## IV. ALLEGATIONS

13. Since October 17, 2005, BAPCA became in effect. Under such act once the debtor provides for the payment in full of any personal security interest, such as Movant's claim, the debtor needed to provide for: adequate protection, equal monthly payments and insurance within the 60 days of the date of petition.

**14. In this case, Movant requests to be paid pre-confirmation adequate protection in compliance with the amendments under BAPCPA 2005 the amount of $186.75. [(Nada Guide Retail Value = $11,250.00) x (Depreciation Medium Factor = 1.66%)]. Movant also request that the amount of $186.75 as pre-confirmation adequate protection be provided retroactive to the 30 days after the date of the filing of the petition, in accordance to Section 1326(a)(1)(C) of the Bankruptcy Code.** *See, Attachment A.*

Wherefore, in view of the aforesaid, First Bank Puerto Rico, respectfully request from this Honorable Court that the Chapter 13 Plan not be confirmed until debtor complies with the Pre-Confirmation Adequate Protection required by Section 1326(a)(1)(C) of the Bankruptcy Code.

In San Juan, Puerto Rico, the 22 day of February, 2011.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, this motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

Puerto Rico Local Bankruptcy Rule 9013-1(h)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of this motion is being sent by first class mail to the Debtors: **FRANCISCO M. GONZALEZ RIVERA and JOMARIE M. FERIA DIAZ,** at the address on record: 11628 PRINCIPE ALBERTO; RIO GRANDE ESTATE, RIO GRANDE, PUERTO RICO 00745; and to the authorized addresses through/by the Bankruptcy CM/ECF System to: Debtor's counsel, **JOSE M. PRIETO CARBALLO; and ALEJANDRO OLIVERAS RIVERA,** Chapter 13 Trustee and to the US **TRUSTEE.**

BY: //s// **MARISTELLA SANCHEZ RODRIGUEZ**
Maristella Sanchez Rodriguez, Esq.
Attorney for Movant- US 224714
MARIA M. BENABE-RIVERA, ESQ.
Attorney for Movant- US 208906
PO Box 9146, Santurce, PR 00908-0146
1519 Ponce de León Ave., 2nd Floor
Tel. (787) 729-8135, Fax (787) 729-8270
Email: maristella.sanchez@firstbankpr.com



The Power of Vehicle Information
NADAguides.com

☒ Close Window

2/2/2011

**2008 Mitsubishi Lancer**

Sedan 4D DE

# NADAguides.com Price Report

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| **Base Price** | $6,975 | $7,975 | $8,775 | $11,250 |
| **Mileage:** 48,000 miles | N/A | N/A | N/A | N/A |
| **Options:** |  |  |  |  |
| **TOTAL PRICE** | $6,975 | $7,975 | $8,775 | $11,250 |

*Handwritten: $11,250 × 1.66/ = $186.75*

## Standard Equipment

### Standard Equipment Details

**Engine Specifications**
Type: Gas I4
Size: 2.0L/122
Horsepower: 152 @ 6000 RPM
Torque: 146 @ 4250 RPM

**Drive Train**
Drive Train: Front Wheel Drive
Transmission: 5 speed Manual

**Safety**
Air Bag-Driver-Front
Air Bag-Passenger Switch (On/Off)
Air Bag-Passenger-Front
Air Bag-Side-Body-Front
Air Bag-Side-Head-Front
Brakes-Type-Front Disc/Rear Drum
Engine Immobilizer/Vehicle Anti-Theft System
Headlights-Auto-Off
Headlights-Daytime Running lights
Locks-Child Safety Rear Door
Trunk-Emergency Release

**Comfort & Convenience**
Mirrors-Pwr Driver
Mirrors-Pwr Passenger
Mirrors-Vanity-Passenger
Seat Trim-Cloth
Seats-Front Bucket
Steering Wheel-Adjustable
Steering-Pwr
Trip Computer
Trunk-Release-Remote
Windows-Pwr

**Music & Entertainment**
Audio-AM/FM Stereo
Audio-CD Changer
Audio-CD Player
Audio-MP3 Player

**Interior**
Auxiliary Pwr Outlet
Floor Mats-Front

**Exterior**
Defogger-Rear Window
Fog Lamps-Front
Wipers-Intermittent
Wipers-Variable Speed Intermittent

**Tires**
Front Tire Size: - TBD -
Rear Tire Size: - TBD -

**Wheels**
Front Wheel Material: Steel
Rear Wheel Material: Steel

Back to top

**Rough Trade-In: $6,975**
Rough Trade-in values reflect a vehicle in rough condition. Meaning a vehicle with significant mechanical defects requiring repairs in order to restore reasonable running condition. Paint, body and wheel surfaces have considerable damage to their finish, which may include dull or faded (oxidized) paint, small to medium size dents, frame damage, rust or obvious signs of previous repairs. Interior reflects above average wear with inoperable equipment, damaged or missing trim and heavily soiled /permanent imperfections on the headliner, carpet, and upholstery. Vehicle may have a branded title and un-true mileage. Vehicle will need substantial reconditioning and repair to be made ready for resale. Some existing issues may be difficult to restore. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition.

**Average Trade-In: $7,975**
The Average Trade-In values on nadaguides.com are meant to reflect a vehicle in average condition. A vehicle that is mechanically sound but may require some repairs/servicing to pass all necessary inspections; Paint, body and wheel surfaces have moderate imperfections and an average finish and shine which can be improved with restorative repair; Interior reflects some soiling and wear in relation to vehicle age, with all equipment operable or requiring minimal effort to make operable; Clean title history; Vehicle will need a fair degree of reconditioning to be made ready for resale. Because individual vehicle condition varies greatly, users of nadaguides.com may need to make independent adjustments for actual vehicle condition.

**Clean Trade-In: $8,775**
Clean Trade-In values reflect a vehicle in clean condition. This means a vehicle with no mechanical defects and passes all necessary inspections with ease. Paint, body and wheels have minor surface scratching with a high gloss finish and shine. Interior reflects minimal soiling and wear with all equipment in complete working order. Vehicle has a clean title history. Vehicle will need minimal reconditioning to be made ready for resale. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition.

**Clean Retail: $11,250**
Clean Retail values reflect a vehicle in clean condition. This means a vehicle with no mechanical defects and passes all necessary inspections with ease. Paint, body and wheels have minor surface scratching with a high gloss finish and shine. Interior reflects minimal soiling and wear with all equipment in complete working order. Vehicle has a clean title history. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition. Note: Vehicles with low mileage that are in exceptionally good condition and/or include a manufacturer certification can be worth a significantly higher value than the Clean Retail price shown.

The consumer values on NADAguides.com are based on the Consumer Edition of the NADA Official Used Car Guide® and should not be utilized for industry purposes. The consumer values may vary from the NADA Official Used Car Guide® values presented to you by insurance companies, banks, credit unions, government agencies and car dealers due to vehicle condition, regional market differences and frequency of updates.

ADVERTISEMENT

© Copyright 2011 NADAGuides.com. All Rights Reserved.